ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 11 2008

JAMES N. HATTEN, CLERK
By: S. Brown, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAMONE LEWIS, on behalf of himself and all others similarly situated,<br><br>                     Plaintiff,<br>vs.<br><br><br><br>GOLDEN DONUTS, LLC<br>                     Defendant. | CIVIL ACTION<br><br>1:08-CV-2264 -GET<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

## INTRODUCTION

Lamone Lewis, ("Plaintiff"), brings this action against Defendant by and through his attorney and alleges as follows:

1.

Plaintiff, Lamone Lewis, ("Plaintiff"), brings this action, on behalf of himself and others similarly situated, against Defendant as a Georgia Corporation, for overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a baker and performed related activities for Defendant in, among others, Fulton County, Georgia. This action is brought under the FLSA to recover from

Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

2.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

## VENUE

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (2).

## PARTIES

4.

Plaintiff, Lamone Lewis is a resident of Atlanta, Georgia located in Fulton, Georgia and was employed by Defendant as a baker from October, 2007 thru May 13, 2008.

5.

Defendant is a Georgia Corporation that operates and conducts business in, among others, Gwinnett County, GA, and is therefore within the jurisdiction of this Court.

6.

At all times relevant to this action Defendant, Golden Donuts, LLC is an employer as defined by 29 U.S.C. 201 *et. seq.* Golden Donuts, LLC may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure through Registered Agent Harrison J. Michael, 3400 Peachtree Road, NE, Atlanta, GA 30326.

## **VIOLATIONS OF THE FLSA**

7.

At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203 (r) and 203 (s).

8.

Plaintiff is also individually covered by the FLSA because he was engaged in interstate commerce during his employment with Defendant.

9.

At all times relevant Plaintiff has been an employee of Defendant within the meaning of FLSA.

10.

At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because during his employment with Defendant, Plaintiff, and those similarly situated to him, were not paid time and one-half their regular rate

of pay for all hours worked in excess of forty (40) within a work week during one or more work weeks. Instead, Defendant paid Plaintiff, and those similarly situated to him, straight time for hours worked over forty (40) per week in one or more work weeks.

12.

Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated to him, are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

13.

Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-12 above.

14.

Plaintiff, and those similarly situated, are entitled to receive proper payment of time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week. During his employment with Defendant, Plaintiff, and those similarly situated, routinely worked overtime hours but were not properly compensated for same.

15.

As a result of Defendant's intentional, willful and unlawful acts by refusing to properly pay Plaintiff, and those similarly situated to him, their regular rate of pay for each hour worked in one or more weeks of employment with Defendant, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

16.

As a result of Defendant's willful violation of the FLSA, Plaintiff, and those employees similarly situated, are entitled to liquidated damages.

17.

Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for payment of all overtime hours at one and one-half of the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

DATED this 16th day of July, 2008.

_____
DEIRDRE M. STEPHENS, ESQ.
GA BAR NO: 678789
Morgan & Morgan, P.A.
191 Peachtree Street NE, Suite 4200
Atlanta, GA  30303
Phone:  404-510-3228
Attorney for Plaintiff